Charles E. Houghton et al
vs.                                  P.A.No.976
Edward A. Stockwell,
Guardian, et al

April 1, 1926

TANNER, P. J. This is an appeal from the appointment of Edward A. Stockwell as guardian of the estate of Lawrence Beckwith in Rhode Island. It is heard upon the motion of the respondents to dismiss the appeal.

The first ground set forth in the motion to dismiss is that the appellants are not aggrieved by the appointment of said Stockwell since they have no standing in this state as foreign guardians.

We think it is well settled that a foreign guardian has no standing in this state except by the statute which permits him to apply for the removal of property of his ward to the state where he has been appointed guardian. We think, however, he has, as a foreign guardian, no such standing as permits him to represent his ward in this State for the purpose of appealing from the appointment of an ancillary administrator. To be entitled to take such appeal, we think he should at least have been appointed guardian ad litem or have taken his appeal as a next friend instead of taking it as a foreign guardian.

The second general ground of appeal is, as stated in the first three reasons, that the appointment of said Stockwell was obtained by persons having interests adverse to the ward for the purpose of obstructing the exercise of the rights, duties and privileges of domiciliary guardians in the Commonwealth of Massachusetts and as a means of taking further action with reference to property of said ward in the interests of persons having adverse interests to said ward.

It seems to us that the purposes of the persons who made application for ancillary guardianship are immaterial so long as the person appointed is a proper person.

The remaining reasons of appeal, so far as they specify any grounds, are that the petition was filed and the decree obtained surreptitiously without proper notice, and without giving notice, as agreed, to the executor of the will of said ward and to persons interested in the ward; that said petition was prosecuted and decree obtained without advising the Municipal Court of the aforesaid circumstances; that said court did not know of the pendency of a petition in Massachusetts for domiciliary guardians and would not have entered its decree but for facts herein set forth and not made known to the Court; that said decree was improvidently entered by said Court, which should have awaited the appointment of domiciliary guardians in Massachusetts.

It seems to us that failure to give any notice beyond that provided by law and decreed by the court, even though privately agreed upon, imposes no legal obligation, and, as before stated, the fact that the people making application for said appointment may have had adverse interests was immaterial unless it can be shown that the appointment was an improper one. In as much as the appellants are unwilling to attack the qualifications of the person who was appointed, the reasons of appeal are without merit.

On all the reasons given, the motion to dismiss the appeal is therefore granted.

For Appellants: Huddy & Moulton.

For Appellees: Herbert A. Rice.